76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe Alexander BROWDER, Jr., Plaintiff-Appellant,
v.
Dr. DONNELY; Dr. Saunders; Trover Clinic; Dave Wirthlin,
Deputy; Dianna Patterson; Jim Lantrip; Hopkins County,
Kentucky; Bob Edge, Deputy; Daviess County, Kentucky;
Department of Corrections; Harold Taylor, Jailer; Joseph
Deaton; Minor Emergi-Center, Defendants-Appellees.
 No. 95-5990.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 1
 Before: KENNEDY and SUHRHRINRICH, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Joe Alexander Browder, Jr., a pro se Kentucky prisoner, appeals a district court order denying his request for an extension of time in which to appeal the district court's dismissal of his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In an underlying civil rights action, Browder sued the Kentucky Department of Corrections (KDOC), Hopkins County and Daviess County (Kentucky), officials of the Hopkins County Jail and Daviess County Detention Center, the Trover Clinic and two of its orthopedic surgeons, and the Minor Emergi-Center of Owensboro and one of its physicians. Browder primarily alleged that, on January 24, 1994, while temporarily housed in the Hopkins County Jail's dayroom with other detainees, he suffered an injury to the fifth metacarpal of his right hand (the result of a fight with another detainee) which was negligently treated, resulting in pain and disability. He alleged that the defendants' actions violated Kentucky law and his Eighth Amendment right to be free from cruel and unusual punishment. Browder sought unspecified compensatory damages, over $12 million in punitive damages, and the termination of employment of each individual defendant.
 
 
 4
 A magistrate judge, in separate findings of fact and conclusions of law, recommended that the KDOC's motion to dismiss be granted because that body was not considered a person within the meaning of § 1983, that summary judgment be granted in favor of the Trover Clinic and Minor Emergi-Center defendants because those defendants were not state actors and because Browder's claims against them sounded in medical malpractice only, and that the complaint be dismissed as to all defendants for want of prosecution. Browder did not file objections to any of these recommendations. The district court adopted the magistrate judge's recommendations and, on January 31, 1995, entered judgments granting the motion to dismiss and the motions for summary judgment, and dismissing the action for want of prosecution. The county defendants' motion for summary judgment was dismissed as moot.
 
 
 5
 On June 12, 1995, over four months after entry of the district court's judgments, Browder filed a notice of appeal and a motion for an extension of time in which to appeal. The district court denied the motion in an order entered on July 7, 1995.
 
 
 6
 On appeal, Browder merely argues that the district court erred by denying his motion for appointment of counsel and by its disposition of various other motions in the underlying action. He does not address the question of why the district court's order denying an extension of time in which to appeal was erroneous. Browder has filed a motion for the appointment of counsel in this appeal and Deaton moves for dismissal due to Browder's failure to serve him with copies of his pleadings.
 
 
 7
 Upon review, we affirm the district court's order because the district court did not abuse its discretion in denying Browder's motion for an extension of time in which to appeal. See Barnes v. Cavazos, 966 F.2d 1056, 1061-62 (6th Cir.1992) (per curiam).
 
 
 8
 Under Fed.R.App.P. 4(a)(1), Browder had thirty days in which to file his notice of appeal. Beyond that period, and upon a showing of excusable neglect or good cause, Fed.R.App.P. 4(a)(5) allows a party to file a motion for an extension of time "not later than 30 days after the expiration of the time prescribed by ... Rule 4(a)." See Beard v. Carrollton R.R., 893 F.2d 117, 120 (6th Cir.1989). Browder did not request an extension until four-and-a-half months after entry of the district court's judgment, well beyond the time allowed by Rule 4(a). The taking of an appeal within the prescribed time limits is jurisdictional; thus, the district court had no authority to extend the period for filing the notice of appeal. Id.
 
 
 9
 Accordingly, the district court's order, entered on July 7, 1995, is affirmed. Browder's motion for the appointment of counsel is denied. Deaton's motion to dismiss is denied as moot. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation